UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

THE ANNUITY, PENSION, WELFARE AND TRAINING
FUNDS OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO, BY THEIR TRUSTEES
EDWIN L. CHRISTIAN, CHRIS CONFREY, JOHN CRONIN,
DON DeNARDO, KENNETH KLEMENS, JOHN F. O'HARE,
DENISE M. RICHARDSON and ERNESTO TERSIGNI,

**COMPLAINT**

Plaintiffs,

CV-14-

-against-

**14 CIV. 9264**

EGAN ARCHITECTURAL METAL & GLASS INC.,

JUDGE ROMAN

Defendant.
----------------------------------------------------------X

Plaintiffs THE ANNUITY, PENSION, WELFARE AND TRAINING FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO ("Plaintiffs LOCAL 14 TRUST FUNDS"), by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA") to compel an audit of the Defendant's payroll records, to recover contributions owed to employee fringe benefit trust funds and for the breach of the terms and conditions of a collective bargaining agreement.

**JURISDICTION**

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3. Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below Defendant EGAN ARCHITECTURAL METAL & GLASS INC. ("EGAN ARCHITECTURAL") resides and has its principal place of business located in the City of Yonkers, County of Westchester, State of New York.

## THE PARTIES

4. Plaintiffs LOCAL 14 TRUST FUNDS are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees of the LOCAL 14 TRUST FUNDS maintain the subject plans at offices located at 141-57 Northern Boulevard, Flushing, New York.

5. EDWIN L. CHRISTIAN, CHRIS CONFREY, JOHN CRONIN, DON DeNARDO, KENNETH KLEMENS, JOHN F. O'HARE, DENISE M. RICHARDSON and ERNESTO TERSIGNI are Trustees of the LOCAL 14 TRUST FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The LOCAL 14 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7. The LOCAL 14 WELFARE and TRAINING FUNDS are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical and skill improvement benefits to eligible participants.

8. Plaintiffs LOCAL 14 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9. Plaintiffs LOCAL 14 TRUST FUNDS also serve as the collection agent for union assessment (dues checkoff) and political action committee payments which are remitted from contributing employers such as the Defendant on behalf of those union members who have authorized the payment of same from their wages.

10. Upon information and belief, Defendant EGAN ARCHITECTURAL was and still is a New York corporation, with its principal place of business located at 927 Old Nepperhan Avenue, Yonkers, New York.

11. Upon information and belief, Defendant EGAN ARCHITECTURAL was and still is a foreign corporation duly licensed to do business in the State of New York.

12. Upon information and belief, Defendant EGAN ARCHITECTURAL was and still is a foreign corporation doing business in the State of New York.

13. Upon information and belief, Defendant EGAN ARCHITECTURAL is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## AS AND FOR A FIRST CAUSE OF ACTION
## (AUDIT DEMAND)

14. Plaintiffs LOCAL 14 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 13 inclusive with the same force and effect as though more fully set forth at length herein.

15. At all times relevant hereto, Defendant EGAN ARCHITECTURAL agreed to be bound by the terms and conditions of a collective bargaining agreement with the International Union of Operating Engineers Local 14-14B, AFL-CIO ("Local 14") (hereinafter referred to as the "Collective Bargaining Agreement").

16. Local 14 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business at 141-57 Northern Boulevard, Flushing, New York.

17. In accordance with the underlying Collective Bargaining Agreement and the Trust Agreements establishing Plaintiffs LOCAL 14 TRUST FUNDS, Defendant EGAN ARCHITECTURAL is required to make payments to said Plaintiffs based upon an agreed sum for each employee hour of its hourly payroll worked and to report such hours and wages to Plaintiffs LOCAL 14 TRUST FUNDS.

18. Pursuant to the terms of the Trust Agreements establishing Plaintiffs LOCAL 14 TRUST FUNDS as explicitly referenced in the Collective Bargaining Agreement along with ERISA, said Plaintiffs are entitled to an audit of the books and records of Defendant EGAN ARCHITECTURAL.

19. In pertinent part, the Collective Bargaining Agreement states:

> The parties further agree to be bound to all the agreements and declarations of trusts, amendments and regulations, thereto, referenced in the applicable Association Collective Bargaining Agreements . . . and all amendments, renewals and/or extensions thereto, as adopted by the aforesaid Association and the aforesaid Local Union or their designated trustees.

20. In pertinent part, the Trust Agreements establishing each of Plaintiffs LOCAL 14 TRUST FUNDS state:

> Employers shall be required to furnish to the Fund[s] regular written reports containing the names, addresses, social security numbers, hours worked, earnings, and other information concerning their Employees, in the form and at the times that the Trustees may reasonably require, and Employer records which the Trustees' auditors deem relevant to an examination, including without limitation, payroll books and records, cash books, ledgers, contracts, tax returns and reports, which shall be subject to audit and copying by the representative of the Trustees at the Employer's place of business during regular business hours when the Trustees deem such examination and audit advisable. The Trustees shall have the power,

where there has been underpayment, to require the Employer to pay the cost of any audit which discloses such underpayment.

21. Upon information and belief, Defendant EGAN ARCHITECTURAL may have underreported the number of employees, the amount of employee hours and wages paid to its employees and the contributions therefore due to Plaintiffs LOCAL 14 TRUST FUNDS.

22. Although Plaintiffs LOCAL 14 TRUST FUNDS formally requested the production of the records identified in paragraph 20, above, from Defendant EGAN ARCHITECTURAL, to date, said Defendant has refused to cooperate with an audit and Plaintiffs thereby demand an audit of the books and records of Defendant EGAN ARCHITECTURAL for the period of July 1, 2010 through June 30, 2014.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

23. Plaintiffs LOCAL 14 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 22 inclusive with the same force and effect as though more fully set forth at length herein.

24. Upon information and belief, Defendant EGAN ARCHITECTURAL has failed to provide the contractually required (a) fringe benefit contributions, along with the required (b) union assessment (dues checkoff) and (c) political action committee payments for the period of July 1, 2010 through June 30, 2014 in the approximate amount of $50,000.00.

25. Despite repeated efforts by Plaintiffs LOCAL 14 TRUST FUNDS to collect the contributions owed, Defendant EGAN ARCHITECTURAL remains delinquent in making the proper contributions.

26. Accordingly, as a direct and proximate result of Defendant EGAN ARCHITECTURAL'S defaults, omissions and breaches of the Collective Bargaining Agreement

said Defendant is liable to Plaintiffs LOCAL 14 TRUST FUNDS in the amount of no less than $50,000.00, along with the costs of the audit as detailed in paragraph 20, above.

### AS AND FOR A THIRD CAUSE OF ACTION
### (BREACH OF ERISA OBLIGATIONS)

27. Plaintiffs LOCAL 14 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 26 inclusive with the same force and effect as though more fully set forth at length herein.

28. Defendant EGAN ARCHITECTURAL'S failure to make the required fringe benefit contribution payments to Plaintiffs LOCAL 14 TRUST FUNDS for the period of July 1, 2010 through June 30, 2014 in the approximate amount of $50,000.00 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

29. Despite repeated efforts by Plaintiffs LOCAL 14 TRUST FUNDS to collect the contributions owed, Defendant EGAN ARCHITECTURAL remains delinquent in making the proper contributions.

30. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

31. Accordingly, as a direct and proximate result of Defendant EGAN ARCHITECTURAL'S breach of the Collective Bargaining Agreement and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, Defendant EGAN ARCHITECTURAL is liable to the Plaintiffs in the amount of no less than $50,000.00, together with accumulated interest on the unpaid fringe benefit contributions, statutory damages, reasonable attorneys' fees, along with the costs and disbursements, including the cost of performing the audit, all incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiffs LOCAL 14 TRUST FUNDS demand judgment on the First Cause of Action as follows:

1. An order requiring Defendant EGAN ARCHITECTURAL METAL & GLASS INC. to submit all books and records to Plaintiffs for audit at its cost in accordance with the terms of the Collective Bargaining Agreement and Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E) for the period of July 1, 2010 through June 30, 2014; and

**WHEREFORE**, Plaintiffs LOCAL 14 TRUST FUNDS demand judgment on the Second Cause of Action as follows:

1. Of Defendant EGAN ARCHITECTURAL METAL & GLASS INC. in the amount of contributions, union assessment (dues checkoff) and political action committee payments determined to be due and owing to Plaintiffs LOCAL 14 TRUST FUNDS in the amount of $50,000.00, plus any additional monies that may be determined to become justly due and owing to the LOCAL 14 TRUST FUNDS during the pendency of this action and before final judgment.

**WHEREFORE**, Plaintiffs LOCAL 14 TRUST FUNDS demand judgment on the Third Cause of Action as follows:

1.  Of Defendant EGAN ARCHITECTURAL METAL & GLASS INC. in the amount of contributions, determined to be due and owing to Plaintiffs LOCAL 14 TRUST FUNDS in the amount of $50,000.00, plus any additional monies that may be determined to become justly due and owing to the LOCAL 14 TRUST FUNDS during the pendency of this action and before final judgment, together with:

    a.  Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

    b.  Statutory or liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

    c.  Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

    d.  Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
       November 20, 2014

                                    Yours, etc.

                                    BRADY McGUIRE & STEINBERG, P.C.

                                    By: _____
                                        James M. Steinberg (JS-3515)
                                        Attorneys for Plaintiffs
                                        I.U.O.E. Local 14 Trust Funds
                                        303 South Broadway, Suite 234
                                        Tarrytown, New York 10591
                                        (914) 478-4293